**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Randy King, | ) | |
| | ) | Civil Action No.: 3:18-cv-01792-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Barbara Barrett, Secretary, Dept. of the Air Force, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on February 24, 2020. (ECF No. 74.) Within the Report, the Magistrate Judge recommends that the court grant Defendant the Secretary for the Department of the Air Force's ("Defendant") Motion to Dismiss (ECF No. 61 ), which specifically concerns Plaintiff Randy King's ("Plaintiff") employment action pursuant to (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; (2) the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; and (3) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*. For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 74) and **GRANTS** Defendant's Motion to Dismiss (ECF No. 61).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court adopts herein without a full recitation. (ECF No. 74 at 1.) As brief background, on June 29, 2018, Plaintiff filed his *pro se* Complaint against Defendant, alleging employment discrimination in violation of several federal statutes. (ECF No. 1 at 3, 5–6.)

1

Defendant filed its Motion to Dismiss on November 25, 2019. (ECF No. 61.) Within its Motion, Defendant asserts that Plaintiff's case should be dismissed because Plaintiff has failed to exhaust his administrative remedies. The Magistrate Judge filed her Report on February 24, 2020. (ECF No. 74.) Within the Report, the Magistrate Judge recommends that the court grant Defendants' Motion because "he filed first with the Merit Systems Protection Board ("MSPB") and…he did not see his remedies there through to completion before filing this lawsuit." (ECF No. 74 at 3.)[1] The parties were informed that any objections to the Report were due by March 9, 2020. (ECF No. 74.) However, objections were due by March 12, 2020, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id.*) To date, neither party has filed any objections to the Magistrate Judge's Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy

---

[1] The Magistrate Judge relied on 29 C.F.R. § 1614.30 (b) ("Election. An aggrieved person may initially file a mixed case complaint with an agency pursuant to this part or an appeal on the same matter with the MSPB pursuant to 5 CFR 1201.151, but not both.").

itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant case. (ECF No. 74.) Because no specific objections were filed by either party and the court discerns no clear error within the Report, the court adopts the Report herein. *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After careful consideration of the Magistrate Judge's Report and the record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 74) and **GRANTS** Defendant's Motion to Dismiss (ECF No. 61) as to Plaintiff's entire action. The action is dismissed without prejudice.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

May 27, 2020
Columbia, South Carolina

3